## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DERRICK BURNS, # B-82889, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-00305-MJR** |
| | ) | |
| UNKNOWN PARTIES, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

At the time of filing this action, Plaintiff Derrick Burns was a federal pretrial detainee[1] awaiting trial on charges of making and mailing a bomb threat against Southern Illinois University in *United States v. Burns*, Case No. 14-cr-40081-SMY (S.D. Ill. Oct. 7, 2014) (Doc. 1, p. 3). He filed the instant *pro se* complaint (Doc. 1) against three unidentified officials, whom he blames for his allegedly wrongful detention and prosecution in connection with the pending criminal action. These officials include an Assistant United States Attorney ("Prosecutor Doe"), a United States Marshal ("Marshal Doe"), and the White County Sheriff in White County, Illinois ("Sheriff Doe").

Plaintiff claims that he was taken into custody on baseless charges in a grand jury indictment (Doc. 1, pp. 4-6). He was detained "for weeks" in the White County Jail, where he was denied access to legal materials while awaiting trial. He also faced constitutionally objectionable conditions at the White County Jail.

---

[1] Plaintiff mailed the complaint to the Court from the United States Medical Center for Federal Prisoners ("MCFP"), located in Springfield, Missouri, where he was being held on a temporary writ issued in his criminal case (Doc. 1-3, p. 1). *See also Burns v. Unknown Party*, Case No. 15-cv-00293-DHR (S.D. Ill. Mar. 17, 2015) (Doc. 5; Doc. 6, p. 1 n. 1). All communications from the Court to Plaintiff at the MCFP have been returned as "undeliverable" (Docs. 5, 7). Plaintiff has provided no forwarding address.

Plaintiff now brings this civil rights action pursuant to 42 U.S.C. § 1983.  He sues the three "Doe" defendants for conspiracy under 42 U.S.C. § 1985(3) and for depriving him of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.  He seeks monetary damages, declaratory judgment, and injunctive relief.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or

conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint does not survive preliminary review under this standard.

## The Complaint

In the complaint, Plaintiff claims that Prosecutor Doe secured a baseless grand jury indictment against him for mailing threatening communications through the United States Postal Service in violation of 18 U.S.C. § 876(c) (Doc. 1, pp. 6-7). Plaintiff alleges that Prosecutor Doe sought the indictment in an effort to quiet Plaintiff's protected speech. Pursuant to it, Marshal Doe took Plaintiff into custody and transported him to White County Jail in White County, Illinois. There, Plaintiff was placed in segregation "for weeks" without justification while awaiting trial (Doc. 1, pp. 4-6). He was deprived of mental health treatment and outside recreation. He was also denied access to the law library and other legal materials necessary to seek injunctive, declaratory, and habeas relief.

Based on these allegations, Plaintiff asserts claims against Prosecutor Doe, Marshal Doe, and Sheriff Doe for conspiracy and for violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff seeks to enjoin the criminal proceedings that are currently pending against him in *United States v. Burns*, Case No. 14-cr-40081-SMY (S.D. Ill. Oct. 7, 2014), as well as all further indictments (Doc. 1, pp. 10, 12). He challenges the constitutionality of 18 U.S.C. § 876(c) (Doc. 1, p. 11). He seeks to enjoin the criminal proceedings and all further indictments against him (Doc. 3). Finally, Plaintiff seeks $200,000,000.00 in compensatory damages and $500,000.00 in punitive damages (Doc. 1, p. 12).

### Discussion

The complaint fails to state a cognizable claim against any of the defendants. The pleading contains numerous deficiencies that lead the Court to this conclusion. The more significant problems are discussed below. Under the circumstances, the complaint shall be dismissed.

**A.      Section 1983 or *Bivens***

Plaintiff sues three defendants under 42 U.S.C. § 1983 for violations of his federal constitutional and statutory rights. Whether any of these defendants are subject to suit under Section 1983 is unclear.

Section 1983 specifically pertains to the actions of state actors, not federal officials. The statute "creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). To state a claim under Section 1983, a plaintiff must allege that some person acting under color of state law deprived him of a federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

In contrast, claims against federal actors are brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* claim is the equivalent of a claim brought pursuant to Section 1983, only against a federal actor. Because Prosecutor Doe and Marshal Doe are federal actors, Section 1983 is inapplicable to claims against them.

But Sheriff Doe is a closer call. The Seventh Circuit has held that an Illinois sheriff can be a state actor. *See Mercado v. Dart*, 604 F.3d 360, 366 (7th Cir. 2010); *Scott v. O'Grady*,

975 F.2d 366, 369 (7th Cir. 1992) ("A sheriff in Illinois may perform some tasks on behalf of the state."); *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001) ("A county sheriff may act as an arm of the state when performing certain functions."). Although the Seventh Circuit has questioned whether a county employee caring for federal prisoners *becomes* a federal actor by virtue of these duties (thereby rendering Section 1983 inapplicable), this question remains unanswered by the Seventh Circuit. *See Lewis v. Downey*, 581 F.3d 467, 471 n. 3 (7th Cir. 2009) (citations omitted)). Absent any clear indication to the contrary, it would appear that Plaintiff appropriately brought his claims against Sheriff Doe pursuant to Section 1983.

With that said, Plaintiff's failure to properly invoke *Bivens* and/or Section 1983 is not fatal to his claims against any of the defendants.

**B.      Sufficiency of the Complaint**

What is fatal to the complaint is Plaintiff's style of pleading. The allegations refer to a broad range of claims with little or no elaboration. In most instances, Plaintiff does not address the elements of any particular claim. This method of pleading violates basic pleading standards.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Bald assertions and unsupported allegations offer insufficient support for a claim, even at the early pleadings stage. Although allegations in a *pro se* complaint are to be liberally construed, courts cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Plaintiff's complaint does not satisfy this standard.  The allegations consist of little more than conclusory legal statements and vague references to constitutional violations. Defendants cannot respond to the pleading because the allegations do not put them on sufficient notice of the claims against them.  *See Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (quoting *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.) (citations omitted), *cert. denied*, 510 U.S. 868 (1993)) ("Under Rule 8, a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.'").  The entire complaint is subject to dismissal on this basis alone.

## C.      Severance and Dismissal of Claims: Prosecutor Doe and Marshal Doe

The complaint also raises unrelated claims against different defendants.[2]  The claims against Prosecutor Doe and Marshal Doe belong in a separate action from those claims against Sheriff Doe because they arise from a different set of facts.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); FED. R. CIV. P. 20(a)(2).  The Seventh Circuit has made it clear that "[u]nrelated claims against different defendants belong in different suits."  *Id.*  This is "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *See George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).

The claims can be divided into two -- or even three -- separate actions, either according to each defendant or by grouping them together as follows: (1) claims against Prosecutor Doe and Marshal Doe for conspiring to quiet Plaintiff's protected speech under the First Amendment by

---

[2] To be clear, the Court does not object to *Bivens* claims and Section 1983 claims proceeding together in the same action, if the facts giving rise to those claims and the defendants are sufficiently related. Here, there is no such nexus.  The claims against Prosecutor Doe and Marshal Doe are entirely unrelated to the claims against Defendant Doe.  These claims do not belong together in the same action.

wrongfully prosecuting him and arresting him and challenging the constitutionality of 18 U.S.C. § 876(c); and (2) claims against Sheriff Doe for depriving Plaintiff of his access to the courts under the First Amendment, subjecting Plaintiff to unconstitutional conditions of confinement under the Fourteenth Amendment, and depriving Plaintiff of adequate mental health treatment under the Fourteenth Amendment during his pretrial detention at White County Jail.[3]

The Court will not address those claims against Prosecutor Doe and Marshal Doe in this action. The wrongful arrest and prosecution claims relate to a pending criminal action in this District. However, they are unrelated to the claims against Sheriff Doe. Pursuant to *George*, the Court has the option of severing these claims or dismissing them and allowing Plaintiff to file a separate action (i.e., with a separate filing fee or a separate request to proceed *in forma pauperis*), should he decide to pursue the severed claims. There appears to be no impending statute of limitation for the claims, given that Plaintiff was detained in 2014 and his criminal case is currently pending. Therefore, instead of severing the unrelated claims, the Court shall dismiss all claims against Prosecutor Doe and Marshal Doe from this action without prejudice. Should Plaintiff wish to pursue these claims further, Plaintiff should do so by filing a separate action and either paying a separate filing fee or filing a separate motion for leave to proceed *in forma pauperis*.

**D.      Remaining Claims: Sheriff Doe**

That leaves the Section 1983 claims against Sheriff Doe. Based on the allegations in the complaint, the Court finds it convenient to organize its discussion of these claims into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

---

[3] The complaint alludes to other claims, such as those under the Fifth and Sixth Amendments, but they are so undeveloped that the Count cannot conduct a preliminary review of them at this point or decide whether these claims should be severed from this action.

COUNT 1:   **Sheriff Doe denied Plaintiff adequate mental health treatment at White County Jail, in violation of the Fourteenth Amendment;**

COUNT 2:   **Sheriff Doe subjected Plaintiff to unconstitutional conditions of confinement at White County Jail, including placement in segregation and denial of recreation, in violation of the Fourteenth Amendment;**

COUNT 3:   **Sheriff Doe deprived Plaintiff of access to the courts at White County Jail, in violation of the First Amendment, by denying him access to the law library and other legal materials.**

Although Counts 1, 2, and 3 shall remain in this action, they are nevertheless subject to dismissal because none state a colorable claim against Sheriff Doe. However, the dismissal of these claims shall be without prejudice and with leave to file an amended complaint, should Plaintiff decide to pursue these claims further.

### Count 1 – Deliberate Indifference to Mental Health Needs

Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment, just as convicted prisoners have under the Eighth Amendment. *Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008); *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007). In fact, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)).

Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). This prohibition

against cruel and unusual punishment extends to the mental health needs of pretrial detainees. *Pittman v. County of Madison, Ill.*, 746 F.3d 766, 775 n. 32 (7th Cir. 2014) (citing *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 990 (7th Cir. 1998) ("Pretrial detainees . . . are entitled to reasonable medical treatment for serious medical needs, including mental health needs."). In order to state a claim, the plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The complaint satisfies neither part of this test. Plaintiff has not identified what mental health condition he has, whether it was serious at the time he was detained at the White County Jail, whether he alerted Sheriff Doe to his need for treatment, or Sheriff Doe's response to his request for treatment. Under the circumstances, the complaint does not suggest that Plaintiff suffered from a serious mental health condition or that Sheriff Doe responded to the condition with deliberate indifference. Accordingly, **Count 1** shall be dismissed without prejudice.

### Count 2 – Conditions of Confinement

Plaintiff's claim based on unconstitutional conditions of confinement arises under the Due Process Clause of the Fourteenth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Even so, Eighth Amendment case law can generally be used as a "guide in evaluating his claims." *Budd*, 711 F.3d at 842 (citation omitted); *Kingsley v. Hendrickson*, 744 F.3d 443, 449 (7th Cir. 2014).

The constitution does not mandate comfortable prisons, but it also does not permit inhumane ones. *See Farmer*, 511 U.S. at 832. Prison officials are "required to provide humane

conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee safety of inmates." *Id*. It is not every inhumane condition that translates into constitutional liability for prison officials. However, "conditions of confinement, even if not individually serious enough to work constitutional violations, may violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991); *Murphy v. Walker*, 51 F.3d 714, 721 (7th Cir. 1995)).

The Supreme Court has set forth two elements that are required to support a claim. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Under the first prong, a deprivation must be objectively, sufficiently serious, but an inmate is not required to wait until the injury has occurred to bring a claim. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on the severity, duration, nature of risk, and susceptibility of the inmate, prison conditions may violate constitutional standards if they caused either physical, psychological, or probabilistic harm). Under the second prong, liability arises when a prison official is "deliberately indifferent" to an inmate's health or safety. *Farmer*, 511 U.S. at 834. This is established when "the official knows of and disregards an excessive risk to inmate health or safety." *Id.*

The operative complaint, once again, fails to satisfy either prong of this test. Plaintiff complains of a general denial of recreational opportunities that lasted "for weeks" while he was in segregation. He also complains that the conditions in segregation affected his mental

health.  However, he does not describe the conditions, the duration of the deprivations, or the actual impact on his physical and mental health.  Beyond this, the complaint lacks basic details describing Plaintiff's efforts to put anyone, including Sheriff Doe, on notice of the conditions or the response Plaintiff received to any requests for help.  Without more, **Count 2** fails to state a claim upon which relief may be granted and shall be dismissed without prejudice.

### Count 3 – Denial of Access to Courts

Finally, the complaint articulates no viable access to courts claim against Sheriff Doe. Pretrial detainees, like prisoners, have a constitutional right to petition the government for a redress of their grievances under the First Amendment, and this includes a reasonable right of access to the courts.  *Hudson v. Palmer*, 468 U.S. 517, 523 (1984).  The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004).  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir. 1992) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994).  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid*, 969 F.2d at 603.  "[T]he mere denial of access to a

prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The complaint does not suggest that Plaintiff has suffered any "actual substantial prejudice to specific litigation." *Kincaid*, 969 F.2d at 603. He generally alleges that he needs access to the law library in order to seek declaratory, injunctive, and habeas relief. However, Plaintiff does not allege, and the complaint does not suggest, that Plaintiff has suffered actual prejudice in any particular case. Plaintiff also fails to name a defendant who personally participated in this constitutional deprivation. Accordingly, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

In summary, because the complaint fails to state any claim upon which relief may be granted, it shall be dismissed. The dismissal of all claims against Prosecutor Doe and Marshal Doe shall be without prejudice to Plaintiff filing a separate action against these defendants. Counts 1, 2, and 3 against Sheriff Doe shall remain in this action, but shall also be dismissed for failure to state a claim upon which relief may be granted. However, the dismissal of Counts 1, 2, and 3 shall be without prejudice and with leave to file an amended complaint in this action against Sheriff Doe.

### First Amended Complaint

If Plaintiff wishes to pursue his medical needs claim (**Count 1**), conditions of confinement claim (**Count 2**), or access to courts claim (**Count 3**) against Sheriff Doe, he is **INSTRUCTED** to file an amended complaint with this Court within 35 days of the date of this order (on or before June 17, 2015). Failure to follow the Court's instructions will result in

dismissal of this action with prejudice for failure to state a claim under Section 1915A. The Clerk of Court is **INSTRUCTED** to send Plaintiff the appropriate form to submit a Section 1983 claim.

When filing his amended pleading, Plaintiff should label the pleading "First Amended Complaint." He should also use *this* case number. He should refer to the constitutional or statutory ground(s) for relief. Plaintiff should also be careful to include sufficient facts to demonstrate that Sheriff Doe violated his rights—constitutional or otherwise.

As the events giving rise to this action occurred in 2014, Plaintiff does not appear to face any impending statute of limitation. He is, however, required to exhaust his administrative remedies through the prison grievance procedure prior to filing a Section 1983 action in federal court. *See* 42 U.S.C. § 1997e(a). Doing so may provide him with much faster relief than an action in federal court. If he fails to properly exhaust his administrative remedies, the action is ultimately subject to dismissal on this basis alone.

## Pending Motions

Plaintiff has filed a motion for preliminary injunction (Doc. 3), in which he seeks an order enjoining the criminal prosecution that is currently pending against him. This request for relief pertains to those claims against Prosecutor Doe and Marshal Doe that are subject to severance and dismissal from this action. Accordingly, the motion is hereby **DENIED**. Plaintiff is free to file a motion pursuant to Federal Rule of Civil Procedure 65(a) or (b) at the time he commences a separate action against these defendants, should he deem it necessary to do so.

**Disposition**

The **CLERK** is hereby **DIRECTED** to **SUBSTITUTE** the following defendants for Defendant Unknown Parties on the docket sheet in CM/ECF: Defendants **PROSECUTOR DOE (Assistant United States Attorney), MARSHAL DOE (United States Marshal),** and **SHERIFF DOE (White County Sheriff)**.   The **CLERK** is further **DIRECTED** to **TERMINATE** the following defendants as parties to this action: **PROSECUTOR DOE** and **MARSHAL DOE**.

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), **ALL CLAIMS** against **PROSECUTOR DOE** and **MARSHAL DOE** are **DISMISSED** without prejudice to Plaintiff filing a separate action (along with a separate filing fee or motion for leave to proceed *in forma pauperis*) to pursue these claims, should he wish to do so.

Should he decide to further pursue Counts 1, 2, or 3 against Sheriff Doe, Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before June 17, 2015.**  In the event Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.  Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff decides to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form,

"First Amended Complaint," and he should use the case number for *this* action.  The amended complaint shall present each claim against Sheriff Doe in a separate count consistent with those listed above (i.e., Count 1 – medical needs claim; Count 2 – conditions of confinement claim; and Count 3 – access to courts claim), and each count shall specify the actions alleged to have been taken by Sheriff Doe that give rise to each claim.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Sheriff Doe's name where necessary to identify him in connection with each fact.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new complaint.  Claims against Sheriff Doe, or anyone else, that are found to be unrelated to Counts 1, 2, or 3 will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Should Plaintiff seek any sort of immediate relief in this action, such as a temporary restraining order or a preliminary injunction, he must file a separate motion pursuant to Rule 65 of the Federal Rules of Civil Procedure.  This motion may be filed along with an amended complaint or at any time thereafter, while the action is still pending.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[4] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 13, 2015**

s/ MICHAEL J. REAGAN
**Chief Judge**

---

[4] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.