IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK BURNS, # B-82889,** | ) |
| | ) |
|          **Plaintiff,** | ) |
| | ) |
| **vs.** | )   Case No. 15-cv-00305-MJR |
| | ) |
| **SHERIFF DOE,** | ) |
| | ) |
|          **Defendant.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

The time has come to dismiss this case. Plaintiff filed a *pro se* complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 against three unknown defendants who were allegedly responsible for his wrongful detention and prosecution in a pending criminal action. These defendants included an Assistant United States Attorney ("Prosecutor Doe"), a United States Marshal ("Marshal Doe"), and the White County Sheriff in White County, Illinois ("Sheriff Doe").

The complaint did not survive preliminary review under 28 U.S.C. § 1915A. The claims against Prosecutor Doe and Marshal Doe were unrelated to, and severable from, the claims against Sheriff Doe. The Court dismissed the claims against Prosecutor Doe and Marshal Doe without prejudice and terminated these defendants as parties to this action (Doc. 10, p. 14). Plaintiff was instructed to file a separate action, if he wished to pursue claims against them. The Court then analyzed the merits of Plaintiff's three claims against Sheriff Doe. The complaint failed to state a claim against this defendant.

The Court dismissed the complaint on May 15, 2015 (Doc. 10). However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint focusing only on his claims against Sheriff Doe on or before June 17, 2015 (Doc. 10, pp. 12-13, 14).

He was warned that failure to follow the Court's Order, including this deadline, would result in dismissal of the action with prejudice and a "strike" under the provisions of 28 U.S.C. § 1915(g) (Doc. 10, p. 14).  *See* FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. The deadline has now passed, and Plaintiff has not filed an amended complaint.  He has also failed to request an extension of the deadline for doing so.

Further, Plaintiff's mail from the Court has consistently been returned as undeliverable (Docs. 5, 7, 11).  Plaintiff is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address.  He has failed to do so, and the Court will not independently investigate his whereabouts.

This case is **DISMISSED with prejudice** for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b); *see generally Ladien*, 128 F.3d 1051; *Johnson*, 34 F.3d 466. This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).  This Order does not prevent Plaintiff from filing a separate action (along with a separate filing fee or motion for leave to proceed *in forma pauperis*) against Prosecutor Doe or Marshal Doe.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  If the appeal is found to be nonmeritorious, Plaintiff may also

incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[1] FED. R. APP. P. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 24, 2015**

s/ MICHAEL J. REAGAN<br>**Chief Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).